THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SUSAN RUSNAK,<br><br>      **Plaintiff,**<br><br>     v.<br><br>UNITED PARCEL SERVICE, INC., et al.,<br><br>      **Defendants.** | Civil No. 25-1850 (ESK/EAP) |

## OPINION

This matter comes before the Court on Defendant United Parcel Service, Inc.'s[1] ("UPS") Motion for Leave to File an Amended Answer, ECF No. 17 (Def.'s Mot.).  Plaintiff Susan Rusnak opposes the motion.  ECF No. 18 (Pl.'s Opp.).  Defendant timely submitted its reply.  ECF No. 20 (Def.'s Reply).  The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons that follow, Defendant's Motion is **GRANTED**.

## PROCEDURAL HISTORY

On March 13, 2025, Plaintiff filed a complaint against her current employer, Defendant UPS.  ECF No. 1 (Compl.).  Plaintiff alleges that UPS discriminated against her based on her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), *id.* Count I, ¶¶ 71-76, and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.*

---

[1]  According to Defendant, Plaintiff has named "UPS Healthcare" as a party, but no such entity exists. *See* ECF No. 17-1 (Def.'s Br.), n. 2.  Because Defendant UPS brings this Motion on behalf of all named defendants, the Court refers only to "Defendant."  *Id.*

("NJLAD"), *id.* Count II, ¶¶ 77-83.  On April 30, 2025, Defendant filed its answer.  ECF No. 5 (Answer).  In accordance with the operative Scheduling Order, Defendant timely filed the present motion to amend its answer.  Def.'s Mot.; ECF No. 17-1 (Def.'s Br.).  On August 19, 2025, Plaintiff filed opposition, Pl.'s Opp., and Defendant then filed a reply, Def.'s Reply.  This matter is now ripe for disposition.

## FACTUAL BACKGROUND

Plaintiff brought this action alleging that UPS discriminated against her based on her age. Compl. at 1.  According to the Complaint, UPS hired Plaintiff in April 2002, and she held the position of Customer Experience Development Manager until approximately March 2024.  *Id.* ¶¶ 22-23.  Plaintiff alleges that on approximately February 15, 2024, her "second-level supervisor" informed her that UPS was eliminating her position and "explained that he wanted 'younger' and 'fresh' ideas."  *Id.* ¶¶ 26-27.  On or about February 20, 2024, Defendant "posted Plaintiff's position" and others that had "just been eliminated days earlier."  *Id.* ¶¶ 36-38.  After applying for three of these open positions, including her own previous position, Defendant informed Plaintiff that she was rejected from all three positions.  *Id.* ¶¶ 40, 44.  In or around March 2024, Defendant announced Plaintiff's "replacement" for her prior role, who Plaintiff contends is younger, has fewer years of service at UPS, and has less experience than Plaintiff.  *Id.* ¶¶ 46-49.

According to Plaintiff, Defendant's proffered reason for her termination was pretextual: although Defendant asserts that she was terminated because her position was eliminated, Plaintiff alleges that she was terminated because of her age, in violation of the ADEA and NJLAD.  *Id.* ¶ 54.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial.  A party may amend its pleading once as a matter of course within either 21 days after serving it, or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The Third Circuit has adopted a liberal approach to the amendment of pleadings.  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, a court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  Ultimately, the decision whether to grant leave to amend lies within the sound discretion of the court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

**DISCUSSION**

Defendant seeks to amend its answer to (1) describe the position posted on or around February 20, 2024, which Plaintiff alleges was her prior role, as a "newly reformatted" position instead of a "newly created position," *see* ECF No. 17-3, Def.'s Br., Ex. B (Redline Proposed Am.

3

Answer) ¶¶ 36, 42, 48-50; and (2) admit that "Plaintiff applied for three open positions within the healthcare marketing department" on February 21, 2024, *see id.* ¶ 40.   Defendant argues that its motion to amend should be granted because it seeks only to clarify the record, and none of the factors justifying the denial of an amendment under Rule 15 are present in this case.  Def.'s Br. at 2-3.

Plaintiff opposes the motion "because Defendants have provided no reason for making substantive changes on critical positions in this matter."  Pl.'s Opp. at 5.  Plaintiff argues that Defendant must provide a reason to "justify" its request to amend the answer, and further, Defendant's motion should be denied because the proposed amendments are "substantive" and not "mere clarifications or adjustments."  *Id.*  Plaintiff, however, concedes that "there is no prejudice to Plaintiff," and asserts no other objections.  *Id.* at 6.  In reply, Defendant asserts that it did, in fact, provide a reason for its proposed amendments—a need to clarify the record following initial discovery—and that, even if these changes were purportedly substantive, Plaintiff offers no legal support for her argument that motions to amend pleadings under Rule 15 should be denied when the moving party proposes substantive changes.  Def.'s Reply at 3-4.  Defendant emphasizes that none of the *Foman v. Davis* factors justifying denial are present in this case, and notes that not only did Plaintiff concede there is no prejudice against her, but she also failed to raise any objection based on futility, bad faith, or undue delay.  *Id.* at 6-7 (citing 371 U.S. at 182).

Here, the Court finds that none of the *Foman* factors justifying denial of leave to amend are present. Contrary to Plaintiff's argument, leave should be denied only when the *Foman* factors suggest an amendment would be "unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).  Plaintiff concedes that there is no prejudice against her in allowing the amendment and fails to state an objection on the basis of "undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman*, 371 U.S. at 182; *see also WPG Subsidiary Holdings I, LLC v. City of Elizabeth*, No. 15-7876, 2016 WL 3844207, at *4 (D.N.J. July 15, 2016) (holding that if leave to amend had been required, the court would grant it because "[t]he parties opposing amendment have made no demonstration as to the discretionary factors identified in *Foman v. Davis*"). The Court is satisfied that Defendant validly seeks to clarify the record following initial discovery. *See, e.g.*, *Leased Optical Dep'ts-Montgomery Ward, Inc. v. Opti-Ctr., Inc.*, 120 F.R.D. 476, 478 (D.N.J. 1988) (granting a motion to amend the complaint because it "clarifies and draws focus to plaintiffs' allegations without making substantive changes" and "serves the beneficial needs of trial preparation while causing no known prejudice to defendants"). And when Defendant's proposed amendment is viewed in light of the Third Circuit's liberal approach to the amendment of pleadings, and given the general "presumption in allowing the moving party to amend its pleadings," *Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021), the Court finds that the motion must be granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for leave to file an amended answer is **GRANTED**. An appropriate Order follows.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.